IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS BRAND BANK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-0473-N-BK |
| | § | |
| LAST FRONTIER REALTY, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Plaintiff's *Motion to Remand to State Court*. [Doc. 5]. Upon review, Plaintiff's motion should be **GRANTED**, and this case should be **REMANDED** to state court for all further proceedings.

Plaintiff filed a petition for forcible detainer in Justice of the Peace Court in Dallas County, Texas against Last Frontier Realty Corporation, Last Frontier Auto Sales, Inc., and all Occupants (except Hector Casilliares) of the property known as 3117 Saturn Road, Garland Texas, 75041. [Doc. 5-1 at 2]. Plaintiff's petition alleged that service could be made on Defendants through Laurie Torres, who was the vice president of both entities and whose place of business was 3117 Saturn Road, Garland, Texas. [Doc. 5-1 at 2].

Plaintiff alleges in its *Motion to Remand* that trial on the matter was set for February 7, 2014, but Torres filed a *Notice of Removal* that day. [Doc. 5 at 2]. Torres contends in the notice that subject-matter jurisdiction exists based on the diverse citizenship of the parties and the presence of a federal question, namely Plaintiff's violation of (1) the Fair Debt Collection Practices Act; and (2) taking of Defendants' property without due process and in violation of

1

various other constitutional provisions. [Doc. 3 at 2]. Torres asserts that she is bringing this action "on the behalf of herself." [Doc. 3 at 2]. Plaintiff now seeks to remand this case to state court. [Doc. 5].

Upon review, Plaintiff is correct that diversity jurisdiction is unsupported in this case. As an initial matter, only a "defendant or defendants" can remove a case from state court to federal court. 28 U.S.C. § 1446(a). Torres was not named in the suit below and is not a defendant. Further, she cannot stand in the shoes of either of the named entities as a defendant in order to represent their interests. See Sw. Express Co. v. Int. Commerce Comm'n, 670 F.2d 53, 54-56 (5th Cir. 1982) (holding that an individual who is not an attorney cannot assert the rights of a business entity). "This is so even when the person seeking to represent the corporation is its president and major stockholder." In re K.M.A., Inc., 652 F.2d 398, 399 (5th Cir. 1981). Finally, both Plaintiff and Defendants are citizens of Texas, so complete diversity of citizenship is absent. [Doc. 5-1 at 2].

Federal question jurisdiction also is lacking in this case. Plaintiff's petition reveals that this is simply a forcible detainer action under state law and does not raise any federal cause of action. [Doc. 5-1 at 2]. Although Torres attempts to raise federal statutory and constitutional claims in her *Notice of Removal*, under the "well pleaded complaint rule," a case may not be removed to federal court solely because a defense or counterclaim may arise under federal law. *State of Tex. By and Through Bd. of Regents of University of Texas System v. Walker*, 142 F.3d 813, 816 & n.2 (5th Cir.1998).

For the foregoing reasons, it is recommended that Plaintiff's *Motion to Remand* [Doc. 5] be **GRANTED** and this case be **REMANDED** to JOP, Precinct 2, Place 1, Dallas County, Texas for further proceedings.

**SO RECOMMENDED** on March 12, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE